Mullen, &c. v. McDonald.

---

CASE 13—AGREED CASE—MARCH 16.

# Mullen &c. v. McDonald.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. LEGISLATIVE DISTRICTS—DESCRIPTION—CHANGING BOUNDARY OF.—
The legislative districts must continue to embrace the same territory until changed by the power which created them; and the fact that the legislature in describing the boundary of legislative districts, in a city, for convenience, described them by wards and not by metes and bounds, does not authorize the municipal government to change the legislative districts, when under the provisions of its charter, it changes its wards. Notwithstanding the change in the boundaries of the wards the legislative districts must remain as created by the legislature, until changed by it..

CHARLES G. RITCHIE AND ALFRED SELLIGMAN FOR APPELLANTS.

1. The legislature in providing that the first ward of the city of Louisville, shall be one legislative district; that the second and third ward shall be one, and so on, manifestly intended that the territory embracing these districts should follow any change in the wards of the city, which the municipal authorities were empowered to make.

A. J. CARROLL FOR APPELLEE.

1. The Constitution has conferred upon the legislature the right to divide the city into legislative districts, and prescribe when and how the apportionment shall be made, and this right is vested wholly in the legislature, and can not be delegated to

or exercised by any other body. The apportionment was made by the legislature for the election of members to that body, and was not made or intended to be made with a view to conducting or influencing the election of any other officials by the prescribing of territory from which such other officers are to be elected.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

This was an agreed case, tried before the chancery division of the Jefferson Circuit Court.

Appellee was elected a member of the Louisville School Board at the November, 1896, election by the voters of the Seventh Legislative District of the county of Jefferson. The statute provides that the members of that board shall be elected two from each legislative district. (Section 2949, Kentucky Statutes.)

The act adopted by the general assembly at the session of 1891-2-3 provided for the creation of one hundred representative districts, the Fiftieth District, or "the Seventh Legislative District of the county of Jefferson, embracing the territory of the Tenth Ward of the city of Louisville." (Section 2003, Kentucky Statutes.)

Section 2769, Kentucky Statutes, being part of the charter of cities of the first class, provides that "representation shall be equally and uniformly regulated by the number of inhabitants as ascertained by the Federal census made in 1891, and by the Federal census every ten years thereafter. The general council shall lay off the city in twelve wards as nearly equal as practicable."

At the last general election held in Jefferson county it appeared that more than three hundred and fifty votes were

cast in very many of the precincts of the city of Louisville, and it became the duty of the county court to re-form the precincts so that each precinct should contain three hundred votes, as nearly as practicable. (Kentucky Statutes, section 1443.)

It also appeared at that election that there was great disproportion in the number of voters in the several magisterial districts and wards of the city. The appellants were thereupon duly appointed and authorized as a commission to reapportion the wards of the city. In order to equalize the wards in population, it is necessary to change the boundaries of the Tenth Ward, which now is co-extensive with the Seventh Legislative District, and the appellee will, by the reapportionment, be a resident of another ward than the Tenth. The question for decision is whether the change of the boundary of the Tenth Ward operates to change or alter the boundary of the Seventh Legislative District, or the school trustee district.

By section 33 of the present Constitution of the State of Kentucky it is provided that "the first general assembly after the adoption of this Constitution shall divide the State into thirty-eight senatorial districts and one hundred representative districts, as nearly equal in population as may be without dividing any county,  *   *   *   which districts shall constitute the senatorial and representative districts for ten years."

The act of May 3, 1893, (Kentucky Statutes, section 2003), was passed in pursuance of this constitutional provision, and all the senatorial and legislative districts within the city of Louisville were, like the Seventh District, described by

wards, and not by metes and bounds. The legislature having described the legislative districts by ward divisions, instead of by metes and bounds, and the city having the unquestioned right to change its ward boundaries, the question presented is whether or not the legislative districts will continue to be composed of the same territory as when formed by the general assembly.

Upon this question we think there can be little doubt. The ward divisions of the city were used by the general assembly as an easy method of describing the territory embraced therein, and that territory thus described was formed into the legislative districts. Those legislative districts must continue to embrace the same territory until changed by the power which created them, and until changed in accordance with the Constitution, which provides that the districts thus created "shall constitute the senatorial and representative districts for ten years."

No power is given the city or any other body to directly or indirectly alter the boundaries of these districts; nor would the legislature, even if the Constitution had not provided for the continuance of the present districts for ten years, have power to delegate to the municipal government authority to change or alter the district boundaries; nor is it necessary to construe the statute which created the districts to mean that such authority was delegated to the municipality. The act provides that the Fiftieth District embraces the territory of the Tenth Ward of the city of Louisville. Clearly this phraseology meant and could mean only the territory of the Tenth Ward as then constituted.

There are many practical difficulties which may result

from the creation of wards whose boundaries do not coincide with the boundaries of the legislative districts. This is especially the case in regard to the official ballots; but the language of the Constitution is unequivocal, and can not be disregarded for the sake of convenience.

Wherefore, the judgment is affirmed.